**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
Civil Case No. 2:13-cv-00020-MR
[Criminal Case No. 2:94-cr-00032-MR-1]**

| | |
|---|---|
| CLAYTON PERRY CROWE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's Section 2255 will be dismissed.

Petitioner filed the instant motion to vacate on April 29, 2013, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 2:94-cr-00032-MR-1. A brief review of Petitioner's history of filing in this district reveals that Petitioner has filed several Section 2255 motions. The most recent such motion preceding the present action was filed on June 13, 2012, and dismissed by Order entered on October 11, 2012, as an unauthorized, successive Section 2255 motion. Petitioner did not appeal.

[See 2:12-cv-20-MR, Doc. 4]. In that Order, the Court recounted Petitioner's previous, unsuccessful efforts to obtain relief under Section 2255. [See, e.g., Civil Case No. 2:98-cv-00103-LHT, Doc. 4: Order Denying Section 2255 Motion]. Petitioner appealed the Court's Order to the United States Court of Appeals for the Fourth Circuit and his appeal was dismissed. United States v. Crowe, No. 98-7108 (4th Cir. Jan. 6, 1999) (unpublished).[1]

As the Court endeavored to make clear in the October 2012 Order dismissing Petitioner's successive Section 2255 motion, pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court can consider any second or successive petition under 28 U.S.C. § 2255.

Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive

---

[1] Petitioner filed a Section 2255 motion on February 9, 1998, that was dismissed without prejudice on February 19, 1998, on Petitioner's motion. [See Civil Case No. 2:98-cv-00027-LHT].

2

petition. See also § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L.Ed.2d (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc.1] is **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: May 25, 2013

Martin Reidinger
United States District Judge